Shawn Hanson (State Bar No. 109321)
shanson@jonesday.com
Katherine S. Ritchey (State Bar No. 178409)
ksritchey@jonesday.com
Emily E. Booth (State Bar No. 248008)
ebooth@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:     (415) 626-3939
Facsimile:      (415) 875-5700

Attorneys for Defendant
STANDARD INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KRISTEN HARRIS,** | Case No. C 07 5330 JL |
| **Plaintiff,** | **DEFENDANT STANDARD INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| v. | |
| **STANDARD INSURANCE COMPANY; HOMESTORE.COM, INC. GROUP LONG TERM DISABILITY INSURANCE PLAN,** | |
| **Defendants.** | |

Defendant Standard Insurance Company ("Standard") hereby responds to the complaint of Kristen Harris ("Complaint") as follows:

# ANSWER

1.    In response to Paragraph 1 of the Complaint, Standard admits that this action is governed by the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA") and that federal question jurisdiction exists.  Standard responds that all other allegations of Paragraph 1 contain legal conclusions and opinions that Standard is not required to admit or deny.  Except as expressly admitted, Standard denies all remaining allegations in Paragraph 1 of the Complaint.

1  2.  In response to Paragraph 2 of the Complaint, Standard is informed and believes that Plaintiff was an employee of Transactor, Inc. at the time she ceased work on or about October 30, 2001.  Standard avers that it is informed and believes that Plaintiff previously was employed by Homestore.com and/or Homestore, Inc.  Standard avers that it is informed and believes that Plaintiff was a resident of Los Angeles County during administration of her claim.  Standard lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 2 and, on that basis, denies all remaining allegations in Paragraph 2 of the Complaint.

3.  In response to Paragraph 3 of the Complaint, Standard admits that it is a corporation with its principal place of business in the State of Oregon, authorized to transact business, and transacting business in the Northern District of California.  Standard avers that it was the insurer of long-term disability benefits under the Transactor, Inc. Long Term Disability Plan ("Transactor Plan") at the time Plaintiff ceased work, and that it issued a Long Term Disability Group Policy Number 63843-T (the "Plan Policy") to Transactor, Inc.  Standard responds that all other allegations of Paragraph 3 contain legal conclusions and opinions that Standard is not required to admit or deny.  Except as expressly admitted, Standard denies all remaining allegations in Paragraph 3 of the Complaint.

4.  In response to Paragraph 4 of the Complaint, Standard avers that the Transactor Plan is an employee welfare benefit plan regulated by ERISA and established by Transactor, Inc.  Standard is informed and believes that the Transactor Plan covers employees that reside in the Northern District of California.  Standard responds that the remaining allegations of Paragraph 4 contain legal conclusions and opinions that Standard is not required to admit or deny, and that the terms of the Plan Policy speak for themselves.  On these bases, and except as expressly admitted, Standard denies all remaining allegations in Paragraph 4 of the Complaint.

5.  In response to Paragraph 5 of the Complaint, Standard avers that it is doing business in this judicial district, and that venue is proper.  Except as expressly averred, Standard denies all remaining allegations in Paragraph 5 of the Complaint.

6.  In response to Paragraph 6 of the Complaint, Standard avers that it is informed and

believes that Plaintiff was an employee of Transactor, Inc. at the time that she ceased work on or about October 30, 2001. Except as expressly averred, Standard denies all remaining allegations in Paragraph 6 of the Complaint.

7. In response to Paragraph 7 of the Complaint, Standard avers that the terms and conditions of the Plan Policy speak for themselves. Except as expressly averred, Standard denies all remaining allegations in Paragraph 7 of the Complaint.

8. In response to Paragraph 8 of the Complaint, Standard admits that Plaintiff made a claim for long-term disability benefits under the Plan Policy, that Standard closed the claim for the reasons stated in its letter dated November 7, 2006, that Plaintiff appealed Standard's decision to close the claim, and that Standard upheld the closure for the reasons stated in its letters dated February 22, 2007 and April 18, 2007. Except as expressly averred, Standard denies all remaining allegations in Paragraph 8 of the Complaint.

9. In response to Paragraph 9 of the Complaint, Standard denies all of the allegations in Paragraph 9 of the Complaint, including subsections (a) through (f) of Paragraph 9 of the Complaint.

10. In response to Paragraph 10 of the Complaint, Standard denies all of the allegations in Paragraph 10 of the Complaint.

11. In response to Paragraph 11 of the Complaint, Standard avers that Plaintiff has exhausted her administrative remedies. Other than as expressly averred, Standard denies all of the allegations in Paragraph 11 of the Complaint.

12. In response to Paragraph 12 of the Complaint, Standard denies all of the allegations in Paragraph 12 of the Complaint.

13. In response to Paragraph 13 of the Complaint, Standard denies all of the allegations in Paragraph 13 of the Complaint.

14. In response to Paragraph 14 of the Complaint, Standard incorporates its admissions, denials and responses contained in Paragraphs 1 through 13 herein. Other than as expressly admitted or averred, Standard denies all allegations of Paragraphs 1 through 14 of the Complaint.

15. In response to Paragraph 15 of the Complaint, Standard denies all of the allegations in Paragraph 15 of the Complaint, including subsections (a) through (c) of Paragraph 15 of the Complaint, and further denies that Plaintiff is entitled to any relief whatsoever.

16. In response to Paragraph 16 of the Complaint, Standard incorporates its admissions, denials and responses contained in Paragraphs 1 through 15 of the Complaint. Other than as expressly admitted or averred, Standard denies all allegations of Paragraphs 1 through 16 of the Complaint.

17. In response to Paragraph 17 of the Complaint, Standard admits that it appears that a controversy exists between Standard and the Transactor Plan on the one hand, and Plaintiff on the other hand, as to whether Plaintiff is disabled under the terms of the Plan Policy. Except as expressly admitted, Standard denies all remaining allegations in Paragraph 17 of the Complaint and further denies that Plaintiff is entitled to any relief whatsoever, declaratory or otherwise, against it.

In response to the "Request for Relief," Standard denies that Plaintiff is entitled to the requested relief, or any relief, against it.

As separate and distinct defenses, Standard states as follows:

**FIRST DEFENSE**

**(FAILURE TO STATE A CLAIM)**

The Complaint (and each claim for relief) fails to set forth facts sufficient to state a claim upon which relief may be granted against Standard and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or any other relief whatsoever.

**SECOND DEFENSE**

**(UNJUST ENRICHMENT)**

Standard has performed all obligations required by the Plan Policy. Plaintiff is not entitled to payment pursuant to the Plan Policy and any such payment in any amount would amount to a windfall and unjust enrichment.

### THIRD DEFENSE

### (ESTOPPEL)

Plaintiff conducted herself in such a way as to lead Standard to believe that she had relinquished any rights she may have had against it and Standard has relied upon that conduct to its detriment. Plaintiff is, therefore, estopped from seeking damages or other relief based upon the allegations of the Complaint.

### FOURTH DEFENSE

### (WAIVER)

Plaintiff was fully informed of the alleged rights she now asserts, has acted in a manner inconsistent with those rights and, accordingly, has waived the claims she now asserts.

### FIFTH DEFENSE

### (FAILURE TO MITIGATE DAMAGES)

Any recovery by Plaintiff is barred to the extent Plaintiff failed to make reasonable efforts to mitigate her alleged damages.

### SIXTH DEFENSE

### (DECISION NOT ARBITRARY OR CAPRICIOUS)

The determination with respect to benefits was neither arbitrary nor capricious.

### SEVENTH DEFENSE

### (ANY WRONGDOING WAS EXCUSED, JUSTIFIED AND/OR PRIVILEGED)

To the extent Standard engaged in any of the acts complained of, such acts were excused, justified and/or privileged.

### EIGHTH DEFENSE

### (RIGHT TO ASSERT ADDITIONAL DEFENSES)

Standard hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and, thus, reserves the right to amend this Answer to assert such defenses.

### PRAYER FOR RELIEF

WHEREFORE, Standard prays as follows:

1. That Plaintiff take nothing by virtue of the Complaint herein;

2. That the Complaint be dismissed in its entirety and with prejudice;

3. That judgment be entered in Standard's favor and against Plaintiff;

4. That Standard be awarded attorneys' fees and costs of suit; and

5. For such other relief as this Court deems just and proper.

Dated: November 30, 2007                    Respectfully submitted,

                                                 Jones Day

By: /s/ - Emily E. Booth
     Emily E. Booth

Counsel for Defendant
STANDARD INSURANCE COMPANY