Shawn Hanson (State Bar No. 109321)
shanson@jonesday.com
Katherine S. Ritchey (State Bar No. 178409)
ksritchey@jonesday.com
Emily E. Booth (State Bar No. 248008)
ebooth@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:      (415) 626-3939
Facsimile:      (415) 875-5700

Attorneys for Defendant
STANDARD INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KRISTEN HARRIS,** | **Case No. C 07 5330 JSW** |
| **Plaintiff,** | **JOINT STATUS REPORT** |
| v. | **DATE:**   February 8, 2008 |
| **STANDARD INSURANCE COMPANY; HOMESTORE.COM, INC. GROUP LONG TERM DISABILITY INSURANCE PLAN,** | **TIME:**    1:30 pm<br>**JUDGE:** The Hon. Jeffrey S. White<br>**DEPT.:**    Courtroom 2 |
| **Defendants.** | |

Pursuant to Local Rules 16-9 and Federal Rule of Civil Procedure 26(f), plaintiff Kristen

Harris ("Plaintiff") and defendant Standard Insurance Company ("Standard") respectfully submit

this Joint Case Management Statement in connection with the Case Management Conference

currently scheduled for February 8, 2008.

1.    **Jurisdiction and Service**

This Court has original jurisdiction under 28 U.S.C. § 1331 in that this action arises under

the Employee Retirement Income Security Act of 1974 ("E.R.I.S.A."), 29 U.S.C. § 1132.  Venue

is proper in this court under 28 § U.S.C. 1132(g).  Homestore.com, Inc. group long term disability

plan has not been served.  The parties are discussing whether service of the plan is necessary.

2.    **Facts**

Transactor Inc. provided certain employee benefits, including long term disability coverage, to its employees.  The long term disability coverage was funded by a group long-term disability insurance policy (the "Plan Policy") issued by Standard.[1]

Ms. Harris ceased work on or about October 30, 2001 and submitted a claim for long-term disability benefits pursuant to the Plan Policy.  Standard paid Ms. Harris benefits through October 28, 2006.  On or about November 7, 2006, Standard closed Ms. Harris's claim.  Ms. Harris requested that Standard review its decision to close her claim and Standard upheld its closure by letter dated February 22, 2007.  Standard initiated an administrative review of Ms. Harris's claim and notified her by letter dated April 18, 2007 that this review had not changed its earlier determination to deny her claim for benefits.  In this lawsuit, Ms. Harris seeks benefits under the Plan Policy, and Standard maintains that she is not entitled to any relief.

3.    **Legal Issues**

The primary legal issue is whether Ms. Harris was entitled to benefits under the terms of the Plan Policy, which is governed by E.R.I.S.A.

4.    **Motions**

If Plaintiff intends to seek discovery outside the administrative record, Standard anticipates filing a motion regarding the scope of the Court's review under E.R.I.S.A. to determine if evidence outside the administrative record will be admissible and, therefore, if discovery is appropriate.

In addition, Plaintiff and Standard anticipate filing dispositive motions.  The parties propose that all dispositive motions be filed no later than October 17, 2008.

5.    **Amendments of Pleadings**

Standard is considering a counterclaim, but the parties intend to pursue mediation prior to any final decision.

---

[1] Ms. Harris was employed by Homestore.com.  However, shortly before she ceased work, she was transferred to Transactor Inc.  Pursuant to the continuity of coverage provisions, the Homestore.com and the Transactor Inc. plans are relevant in the administration of Ms. Harris' claim.

1    6.    **Evidence Preservation**

2        The parties have taken steps to preserve evidence relevant to the issues reasonably evident

3    in this action, including Standard's potential counterclaim.  The parties agree that documents

4    relating to Standard's administration of Plaintiff's claim for benefits will be produced in hard

5    copy format, and that inaccessible data (e.g. backup tapes) are not at issue.

6    7.    **Disclosures**

7        The parties do not currently believe any changes to the timing, form or requirements for

8    disclosures under Rule 26(a) are necessary and intend to make disclosures within the timeframe

9    required by Rule 26.

10    8.    **Discovery**

11        Standard contends that in E.R.I.S.A. cases the Court's review is limited to the

12    administrative record and, therefore, that discovery is not reasonably calculated to lead to the

13    discovery of admissible evidence.  If Plaintiff seeks discovery outside the administrative record,

14    which has been produced in initial disclosures, the parties will meet and confer in an attempt to

15    resolve the issue informally.  If necessary, the parties will conduct discovery or submit briefing to

16    the Court on this issue on or before August 29, 2008.

17    9.    **Class Actions**

18        Not applicable.

19    10.    **Related Cases**

20        This case is not related to any other case pending in this district, including the bankruptcy

21    courts in this district.

22    11.    **Relief**

23        Plaintiff seeks disability benefits including any prejudgment and postjudgment interest,

24    for a declaration that Plaintiff is disabled under the terms of the Plan Policy, for injunctive relief

25    requiring payment of all disability benefits, costs of suit, and attorneys' fees.  Standard disputes

26    that Plaintiff is entitled to any benefits or other relief under the Plan Policy, or at all, and seeks an

27    award of its costs and attorneys' fees.

28

1    12.    **Settlement and ADR**

2        The parties believe that an early mediation is appropriate for this case, and have agreed to

3    pursue ADR through a court-appointed mediator.

4    13.    **Consent to a Magistrate Judge for All Purposes**

5        Standard declined assignment of this case to a magistrate judge for all purposes.

6    14.    **Other References**

7        The parties do not believe that this case is suitable for reference to binding arbitration, a

8    special master, or the Judicial Panel on Multidistrict Litigation.

9    15.    **Narrowing of Issues**

10        The parties do not believe that the issues can be narrowed at this point.

11    16.    **Expedited Schedule**

12        The parties do not believe this case is appropriate for an expedited schedule.

13    17.    **Scheduling**

14        The parties contemplate resolution of the case by dispositive motions on the

15    administrative record.  The motions will substitute for a trial.  The parties agree to file cross-

16    dispositive motions on October 17, 2008, and responses on November 5, 2008.  The parties will

17    be prepared for an argument on the motions at the Court's earliest convenience thereafter, and

18    propose an argument on November 21, 2008.

19    18.    **Trial**

20        The parties propose that the motion briefing schedule proposed above serves as a trial on

21    the administrative record, with oral argument lasting approximately one-half day on or about

22    November 21, 2008.

23    19.    **Disclosure of Non-Party Interested Entities or Persons**

24        Standard filed a "Corporate Disclosure Statement" on November 30, 2007 in which it

25    disclosed that StanCorp Financial Group, Inc., parent company of Standard, is an interested entity

26    in this matter.  Ms. Harris filed a "Notice of Interested Parties" on October 18, 2007 in which she

27    identified no interested parties.

28

1    20.    **Other**

2         There are currently no other matters to facilitate the disposition of this action.

3    Dated: January 29, 2008                Respectfully submitted,

4                                           Jones Day

5

6                                           By:  /s/ - Emily E. Booth
                                                   Emily E. Booth
7

8                                           Counsel for Defendant
                                            STANDARD INSURANCE COMPANY

9    Dated: January 29, 2008                Kantor & Kantor, LLP

10

11                                          By:  /s/ - Glenn R. Kantor
                                                   Glenn R. Kantor
12

13                                          Counsel for Plaintiff
                                            Kristen Harris

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28